UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROSE STABLER                                    CIVIL ACTION

VERSUS                                          NO: 12-2528

ROBERT GALLOWAY                                 SECTION: R(5)


**ORDER AND REASONS**

Defendant Robert Galloway contests this Court's personal jurisdiction over him and moves to dismiss.[1] Plaintiff Rose Stabler opposes the motion.[2] Because plaintiff does not make a *prima facie* showing of minimum contacts justifying the Court's jurisdiction, defendant's motion is GRANTED.

**I.    BACKGROUND**

Galloway is an attorney that practices and resides in Mobile, Alabama. Galloway represented the husband of plaintiff Rose Burch Stabler in a tax prosecution by the IRS.[3] Thereafter, Stabler filed an action in the Circuit Court of Baldwin County, Alabama, *Stabler v. Galloway*, No. 2010-900163, that alleged Galloway had acted fraudulently when he negotiated the sale and

---

[1]    R. Doc. 5.

[2]    R. Doc. 12.

[3]    *United States v. Stabler*, CIV. A. 06-0505-CB-C, 2008 WL 5245353 (S.D. Ala. Dec. 2, 2008) *report and recommendation adopted*, CIV.A. 06-0505-CB-C, 2008 WL 5567803 (S.D. Ala. Dec. 16, 2008).

foreclosure of her home. The Alabama trial court granted summary judgment in favor of Galloway. The Alabama trial court's grant of summary judgment was affirmed on appeal by the Alabama Court of Civil Appeals, No. 2101030, and the writ of certiorari to the Supreme Court of Alabama was stricken in No. 1110813. Stabler, proceeding *pro se*, filed the current action to set aside the state court judgment as procured through fraud on the court. Galloway moved to dismiss Stabler's action pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3).

Stabler alleges that she was a resident of Louisiana when her home was sold. However, the home was located in Alabama and Galloway avers that his representation of Stabler's husband was based exclusively in Alabama and any contact with her occurred there. Galloway does not practice, advertise, or maintain an office in Louisiana. Indeed, the only alleged contacts between Galloway and Louisiana are settlement negotiations with the New Orleans IRS office that Galloway purportedly engaged in during his representation of Mr. Stabler. Galloway disputes that this contact occurred, alleging instead that he negotiated exclusively with IRS officers based in the Mobile, Alabama, and Washington, D.C., IRS offices. Finally, Galloway alleges that he did not enter into a contract to represent or work for Stabler, only to represent her husband.

## II.   STANDARD

Personal jurisdiction "is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)(internal citation omitted). When a nonresident defendant moves the court to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden to show that personal jurisdiction exists. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). When the court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in the present case, the nonmoving party need only make a *prima facie* showing. *Godhra v. United States Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999). The allegations of the complaint, except as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of plaintiffs. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir. 1999). Because Louisiana's long-arm statute, La. R.S. § 13:3201, *et seq.*, extends jurisdiction to the full

limits of due process, the Court's focus is solely on whether the exercise of its jurisdiction in this case satisfies federal due process requirements. *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999) (citing La. R.S. § 13:3201(B)).

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Latshaw*, 167 F.3d at 211 (citing *Int'l Shoe Co. v. Wa.*, 326 U.S. 310, 316 (1945)).

There are two ways to establish minimum contacts: specific jurisdiction and general jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). General jurisdiction will attach, even if the act or transaction sued upon is unrelated to the defendant's contacts with the forum state, if the defendant has engaged in "continuous and systematic" activities in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984); *Wilson*, 20 F.3d at 647. Contacts between a defendant and the forum state must be "extensive" to satisfy the "continuous and systematic" test. *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001). *See also Goodyear Dunlop Tires Operations, S.A. v. Brown*,

4

131 S.Ct. 2846, 2853–54 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation it is an equivalent place, one in which the corporation is fairly regarded as at home.").

Specific jurisdiction exists when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001); *Helicopteros*, 466 U.S. at 414 n. 8. Minimum contacts may be established by actions, or even just a single act, by the nonresident defendant that "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

## III. DISCUSSION

Mindful of Stabler's low evidentiary burden, and after taking as true her uncontroverted allegations and resolving any factual conflicts in favor of her, the Court holds that Stabler has failed to adduce evidence sufficient for a *prima facie* case of personal jurisdiction over Galloway.

First, it is clear that Galloway did not maintain "continuous and systematic" contacts to support general

5

jurisdiction. Stabler makes no allegations that Galloway was domiciled or regularly conducted business in Louisiana. Therefore, Stabler has not made out a *prima facie* case of general jurisdiction over Galloway.

Stabler's allegations also fall short of *prima facie* evidence of specific jurisdiction. Stabler has not alleged minimum contacts between Galloway and Louisiana or that her injury arose from contact Galloway had with Louisiana. Galloway does not advertise, practice, or maintain an office in Louisiana. He represented plaintiff's husband in Alabama, which is where they communicated. Furthermore, Galloway did not "direct his activities" at Louisiana. Even accepting Stabler's allegation that Galloway negotiated with an IRS agent based in Louisiana during his representation of Mr. Stabler, this single contact does not establish that Galloway purposefully availed himself of Louisiana law. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980) (Fortuitous contacts between a nonresident and the forum state are insufficient to establish jurisdiction). A nonresident that merely communicates with someone in the forum state does not purposefully avail himself of its laws and privileges. *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986) (reasoning that exchange of communications in the forum state is insufficient for jurisdiction because it rests upon the fortuity that plaintiff was a resident of that state);

*Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147 (5th Cir. 1985) (concluding that telephone calls to the forum state were a fortuity that did not establish purposeful availment); *Stuart v. Spademan*, 772 F.2d 1185, 1193 (5th Cir. 1985) (finding that an exchange of communications by a nonresident was not purposeful activity that invoked the privilege of Louisiana's courts). Finally, Stabler's conclusory allegation that her injury occurred in Louisiana is misguided because the sale of her home, which caused her alleged loss, occurred in Alabama. Therefore, Stabler fails to establish a *prima facie* case that Galloway has the necessary contacts with Louisiana and that the alleged injury arose out of contacts with Louisiana, such as to satisfy the Due Process Clause.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS the motion to dismiss based on lack of personal jurisdiction.


New Orleans, Louisiana, this 17th day of June, 2013.


_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE