```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
```

ROSE STABLER                                   CIVIL ACTION

VERSUS                                         NO: 12-2528

ROBERT GALLOWAY                                SECTION: R


### ORDER AND REASONS

Plaintiff Rose Stabler seeks leave of court to amend her complaint pursuant to Federal Rule of Civil Procedure 15(a) in order to establish this Court's personal jurisdiction over defendant Robert Galloway. For the following reasons, the Court DENIES plaintiff's motion.


### I. BACKGROUND

Galloway is an attorney who practices and resides in Mobile, Alabama. Galloway represented the husband of plaintiff Rose Burch Stabler in a tax prosecution by the IRS.[1] Thereafter, Stabler filed an action in the Circuit Court of Baldwin County, Alabama, *Stabler v. Galloway*, No. 2010-900163, that alleged Galloway had acted fraudulently when he negotiated the sale and foreclosure of her home. The Alabama trial court granted summary judgment in

---

[1] *United States v. Stabler*, CIV. A. 06-0505-CB-C, 2008 WL 5245353 (S.D. Ala. Dec. 2, 2008) *report and recommendation adopted*, CIV.A. 06-0505-CB-C, 2008 WL 5567803 (S.D. Ala. Dec. 16, 2008).

favor of Galloway. The Alabama trial court's grant of summary judgment was affirmed on appeal by the Alabama Court of Civil Appeals, No. 2101030, and the writ of certiorari to the Supreme Court of Alabama was stricken in No. 1110813. Stabler, proceeding *pro se*, filed the current action to set aside the state court judgment as procured through fraud on the court. Galloway moved to dismiss Stabler's action pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3).

    Stabler alleged that she was a resident of Louisiana when her home was sold. However, the home was located in Alabama and Galloway averred that his representation of Stabler's husband was based exclusively in Alabama and any contact with her occurred there. Galloway does not practice, advertise, or maintain an office in Louisiana. Indeed, the only alleged contacts between Galloway and Louisiana were settlement negotiations with the New Orleans IRS office that Galloway purportedly engaged in during his representation of Mr. Stabler. Galloway disputed that this contact occurred, alleging instead that he negotiated exclusively with IRS officers based in the Mobile, Alabama, and Washington, D.C., IRS offices. Finally, Galloway alleged that he did not enter into a contract to represent or work for Stabler, only to represent her husband.

This Court dismissed the complaint for lack of personal jurisdiction on June 17, 2013.[2]  On June 28, 2013, the Court entered final judgment against Stabler and in favor of Galloway.[3]  Plaintiff filed this motion for leave to amend her complaint on July 15, 2013.  She argues that Rule 15 entitles to amend her complaint as a matter of right because she has not previously amended the complaint and because Galloway has filed only a motion to dismiss, which is not considered a responsive pleading in this circuit.  Galloway disputes plaintiff's entitlement to amend on the grounds that this Court has already entered judgment in the case, and plaintiff has not moved to set aside or vacate the judgment pursuant to Federal Rule of Civil Procedure 59 or 60.  He argues that plaintiff is not entitled to relief under either Rule 15 or Rules 59 or 60 in any event.

**II.   LAW AND DISCUSSION**

Plaintiff cites *Arena v. Graybar Elec. Co.*, 669 F.3d 214 (5th Cir. 2012), for the proposition that a court must examine newly submitted evidence relating to the court's jurisdiction even after judgment has been entered.  The comparison is inapposite, as *Arena* discussed the ability of a defendant to

---

[2] R. Doc. 21.

[3] R. Doc. 22.

attack a court's *subject matter* jurisdiction at any time in the proceedings:

> Proper jurisdiction for a federal court is fundamental and necessary before touching the substantive claims of a lawsuit. Even if defendants failed to challenge jurisdiction at a prior stage of the litigation, they are not prohibited from raising it later. A factual attack under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist.
>
> Because a party may not waive the defense of subject matter jurisdiction, it is clear that the issue may be raised for the first time on appeal. [T]he independent establishment of subject-matter jurisdiction is so important that [even] a party ostensibly invoking federal jurisdiction may later challenge it as a means of avoiding adverse results on the merits.
>
> A litigant generally may raise a court's lack of subject matter jurisdiction at anytime in the same civil action, even initially at the highest appellate instance. The law is clear on this point and the district court had a duty to consider newly submitted evidence despite the defendants's failure to produce it before the entry of judgment.

*Id.* at 223 (internal citations and quotation marks omitted).

Here, plaintiff seeks to amend in order to *establish* jurisdiction, rather than to prove that it does not exist. Moreover, unlike subject matter jurisdiction, the requirement of personal jurisdiction is a waivable right. Fed. R. Civ. P. 12(h); *PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 462 (5th Cir. 2001). In other words, a court in some circumstances has the power to hear a case even when it lacks jurisdiction over the defendant. The same is not true when the court lacks jurisdiction over the case itself.

This distinction explains the *Arena* court's departure from the general rule, discussed below, that a plaintiff may not amend as of right after dismissal of her claim.

Federal Rule of Civil Procedure 15 permits a party to amend her complaint:

> once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).[4] In all other cases, a party must obtain the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Plaintiff filed this motion on July 15, 2013, approximately six months after Galloway filed his Rule 12(b) motion to dismiss for lack of personal jurisdiction. Therefore, plaintiff may not amend her complaint as a matter of course. Because Galloway opposes the motion to amend, plaintiff must obtain the Court's leave to amend her complaint.

Although leave to amend "shall be freely given when justice so requires," it "is by no means automatic," and the decision "lies within the sound discretion of the district court." *Parish*

---

[4] Plaintiff relies on a earlier version of Rule 15 in arguing that she may amend as a matter of course until Galloway files a responsive pleading. Since 2009, Rule 15 terminates the right to amend as a matter of course 21 days after the filing of a Rule 12(b) motion to dismiss. *See* Fed. R. Civ. P. 15, advisory committee note.

*v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (quoting *Little v. Liquid Air. Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992)). A district court "acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (quoting *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003)). Moreover, the Fifth Circuit has suggested that a party may not amend the complaint after entry of a Rule 58 final judgment. *See Whitaker v. City of Houston*, *Tex.*, 963 F.2d 831, 835-36 (5th Cir. 1992).[5] Nor could plaintiff satisfy the requirements for setting aside the judgment under Rule 59(e) or Rule 60(b), and plaintiff has not sought such relief in any event. *See Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005)

---

[5] In *Whitaker*, the Fifth Circuit observed:

As no Rule 58 judgment was entered in this case, we are not directly concerned with the effect of entry of a Rule 58 judgment on the plaintiff's option to file a motion for permissive amendment. Nevertheless, we note that post-*Czeremcha* decisions in the Eleventh Circuit have held that once a Rule 58 judgment is entered amendment of the complaint is no longer possible; but conversely, in the absence of a Rule 58 judgment, no definite time period exists within which the plaintiff must file his or her motion to amend. Such a Rule 58 dichotomy is fair to both plaintiffs and defendants: "If a defendant fears that a plaintiff will unduly prolong litigation by filing amended complaints far into the future, the defendant can move that the district court enter final judgment."

(citations omitted).

(holding that a Rule 59(e) motion must must "clearly establish either a manifest error of law or fact or must present newly discovered evidence" and "cannot be used to raise arguments which could, and should, have been made before the judgment issued") (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)); *Kennedy Marr Offshore Singapore PTE Ltd. v. Techcrane Int'l Inc.*, CIV.A. 12-1985, 2013 WL 5701664 (E.D. La. Oct. 18, 2013) (listing the limited circumstances under which Rule 60 permits relief from a final judgment and noting that such relief "will be afforded only in unique circumstances") (internal quotation marks omitted) (quoting *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir.1985)).

 Even if the Court's entry of Rule 58 judgment in this case did not preclude permissive amendment, leave to amend is not warranted because amendment would be futile. The proposed amendments make no new allegations regarding Galloway's contacts with Louisiana. At best, the attached exhibits support plaintiff's original assertion that the New Orleans branch office of the Internal Revenue Service participated in the effort to collect unpaid taxes from plaintiff's ex-husband. They do not demonstrate that Galloway interacted with anyone in the New Orleans office, much less that he purposefully directed his activities at Louisiana or availed himself of Louisiana law. Were plaintiff granted leave to amend, her complaint still would

not survive a motion to dismiss for the reasons articulated in this Court's order dismissing the original complaint. Accordingly, the Court finds no basis for permitting amendment.

IV.  **CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiff's motion for leave to amend.

New Orleans, Louisiana, this 13th day of November, 2013.

*Sarah Vance*

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE